IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSALIND RICHARDSON, | ) |
| | ) |
| Plaintiff, | )   CASE NO. 2:20-cv-132 |
| | ) |
| v. | )   JURY TRIAL REQUESTED |
| | ) |
| POPEYES LOUISIANA KITCHEN, INC. | ) |
| d/b/a RESTAURANT BRANDS | ) |
| INTERNATIONAL, INC. | ) |
| | |
| Defendant. | |

## COMPLAINT

**COMES NOW** the Plaintiff, Rosalind Richardson, by and through his undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein below.

### I.  JURISDICTION & VENUE

1.  Plaintiff Rosalind Richardson files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under Title III of the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA") Pub. L. No. 110-325, 122 Stat. 3553 (See 42 U.S.C. § 12101(b)(3)-(4) (2012); and (42. U.S.C § 12101, et seq.), to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by Plaintiff due to the Defendant's discrimination by failing and/or refusing to furnish any type of appropriate auxiliary aids and services where necessary to ensure effective communication with the Plaintiff.

2. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a).

3. Title III of the ADA prohibits a place of public accommodation from denying a hearing-impaired individual the opportunity to the participate in or benefit from the Defendant's goods, services, facilities, privileges, advantages, or accommodations. See 42 U.S.C. § 12182(b)(1)(A)(i)-(ii).

4. The Plaintiff is a hearing-impaired individual with a disability as defined by the ADAAA.

5. The Defendant is a "place of public accommodation" as defined by the ADAAA

6. As asserted herein, the Defendant denied Plaintiff access, and/or provided Plaintiff ineffective access, to full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendant due to the Plaintiff's disability, and failed to provide appropriate auxiliary aids and services necessary to ensure effective communication. See 28 C.F.R. § 36.303(c)(1)).

7. Venue is proper in the Northern Division of the Southern District of Alabama, since the alleged discriminating action(s) of Defendant occurred in Dallas County, Alabama.

## II. PARTIES

8. The named Plaintiff, Rosalind Richardson (hereinafter "Plaintiff" or "Ms. Richardson"), is a citizen of the United States and a resident of Dallas County, Alabama. Plaintiff is over the age of nineteen years. Ms. Richardson is a hearing-

disabled person from birth, and thus an individual with a "qualified disability" as defined by the ADAAA.

9. The Defendant, Popeyes Louisiana Kitchen, Inc. d/b/a Restaurant Brands International, Inc., (hereinafter "defendant") is a fast food restaurant with a location in Selma, Alabama, and a "place of public accommodation" as defined by 42 U.S.C. § 12181(7)(B).

### III. STATEMENT OF FACTS

10. On or about April 30, 2019, Ms. Richardson drove to the drive-thru of Popeye's to purchase food.

11. Ms. Richardson waited at the drive-thru window for a Popeyes employee to take her order, but the Popeyes manager and another employee refused to take Ms. Richardson's order.

12. Ms. Richardson avers that she had her order written down, but Popeyes employees proceeded to ignore her, and walked around her vehicle to take the orders of other customers.

13. Ms. Richardson avers that Popeyes holds itself out as willing to serve persons with disabilities, but refused to serve her because she is hearing-disabled.

14. As a direct and proximate result, Popeyes failing and/or refusing to furnish any type of appropriate auxiliary aids and services where necessary to ensure effective communication with the Plaintiff due to her disability.

### IV. PLAINTIFF'S CAUSE OF ACTION

**COUNT ONE - DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA**

15. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 14 above, the same as if more fully set forth herein and further avers that the Defendant denied Plaintiff access, and/or provided Plaintiff ineffective access, to full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendant due to the Plaintiff's disability.

16. At no time did the Defendant attempt to serve Plaintiff or furnish Plaintiff any type of appropriate auxiliary aids and services where necessary to ensure effective communication with the Plaintiff.

17. The Defendants actions and/or inactions amounts to discrimination prohibited by Title III of the ADAAA, 42 U.S.C. § 12182(a) and (b); and 28 C.F.R. § 36.303(c)(1)).

18. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered extreme mental anguish.

19. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring Plaintiff was discriminated against by the Defendant, due to her disability;

b) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

c) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

d) An award of punitive damages; and

e) Such further, other and different relief as the Court may deem appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 4th day of March, 2020.

                    Rosalind Richardson, Plaintiff

                    /s/ Julian L. McPhillips
                    Julian L. McPhillips, Jr. (ASB-3744-L74J)
                    Counsel for Plaintiff

                    /s/ K. David Sawyer
                    K. David Sawyer,  (ASB-5793-R61K)
                    Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321       FAX
julianmcphillips@msg-lawfirm.com

K. David Sawyer – Of Counsel
516 S. Perry Street, Suite 3-D
Montgomery, AL  36104
Telephone: (334) 356-4301
Facsimile: (334) 263-2321
kdsawyer64@outlook.com

## NOTICE FOR SERVICE OF PROCESS

**Please serve the named Defendant by service as follows:**

**POPEYES LOUISIANA KITCHEN, INC.**
d/b/a RESTAURANT BRANDS
INTERNATIONAL, INC.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104